UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEUTSCHE BANK NATIONAL TRUST COMPANY, Trustee on behalf of the certificateholders of Morgan Stanley ABS Capital 1 Inc. Trust 2004-HES, Mortgage Pass-Through Certificates, Series 2004-HES

       Plaintiff,

v.

Case No: 2:15-cv-40-FtM-38CM

ROBERT HINES, GAIL FEDORA-HINES, BONITA SPRINGS UTILITIES, INC., UNITED STATES OF AMERICA, UNKNOWN TENANTS IN POSSESSION '35;1 AND '35;2 and ALL OTHER UNKNOWN PARTIES,

       Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. #14) filed on February 20, 2015. Defendants Robert Hines and Gail Fedora-Hines failed to file a Response in Opposition, and the time to do so has now expired. Thus, the Motion is ripe for review.

The determination of whether a defendant properly removed a state court action to federal court entails both jurisdictional and procedural considerations. *Lowery v.*

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

*Alabama Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007). Jurisdictionally, removal is governed by Title 28 U.S.C. § 1441(a), which provides that a defendant may remove an action to federal court only if the district court has jurisdiction based on diversity of citizenship of the parties or federal question. Procedurally, removal is governed by Title 28 U.S.C. § 1446, which sets out strict deadlines and consent requirements for proper removal. Courts must construe these removal statutes narrowly, resolving any uncertainties in favor of remand. *Burns v. Windsor Insur. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001).

With regard to the § 1441 jurisdictional requirements, the Court finds that removal was improper. Defendants Robert Hines and Gail Fedora-Hines removed this action on the basis of federal question jurisdiction. (Doc. #1). A federal question arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, in determining whether federal question jurisdiction exists, courts focus solely on the four corners of the state action complaint. *Id.*

A review of Plaintiff's Verified Complaint reveals only a single count for foreclosure, asserted under Florida state law. (Doc. #2). The Verified Complaint does not set forth any counts or claims pursuant to the Constitution, laws, or treaties of the United States

as required by 28 U.S.C. § 1331. (Doc. #2).  Defendants Robert Hines and Gail Fedora-Hines argue that the Plaintiff's Verified Complaint violates the U.S. Constitution and a host of federal laws; however, federal question jurisdiction cannot be created through defensive pleading.  *See* Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  Consequently, Defendants Robert Hines and Gail Fedora-Hines failed to prove jurisdiction exists by a preponderance of the evidence, and the Court must remand the case to Florida state court.

Notwithstanding the jurisdictional analysis above, the Court also finds that Defendants Robert Hines and Gail Fedora-Hines failed to comply with the § 1446 procedural requirements.  First, in order to remove an action to federal court, all defendants must consent to the removal.  28 U.S.C. § 1446(b)(2)(A).  A review of the Notice of Removal illustrates that Defendants Robert Hines and Gail Fedora-Hines failed to receive the consent of all other Defendants before filing the Notice.  (Doc. #1).  This failure, in and of itself, is sufficient to grant Plaintiff's Motion for Remand.  Second, removal is timely, at the latest, thirty days after the last defendant receives of a copy of the paper from which the defendant is first able to ascertain that the case is removable.  § 1446(b)(1)-(3).  Here, assuming the jurisdictional defects were not present (which they are), the paper alerting Defendants that the case was potentially removable (which it was not) was the state court complaint.  The record shows that Plaintiff served the last Defendant with a copy of the complaint on March 10, 2010.  (Doc. #14-1 at 1).  Clearly, Defendants exceeded the thirty-day deadline by nearly five years.

Based on the foregoing, Defendant Robert Hines and Gail Fedora-Hines failed to satisfy both the jurisdictional and procedural requirements of removal.  Therefore, the

Court remands the instant action to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.[2]

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Remand ([Doc. #14](Doc. #14)) is **GRANTED**.

2. The Clerk of Court is directed to **REMAND** the case to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk of the Court is further directed to terminate all pending motions and deadlines, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida, this 10th day of March, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] Although Plaintiff correctly notes that the Court has discretion to award attorneys' fees and costs incurred as a result of the improper removal ([Doc. #14 at 8](Doc. #14 at 8)), the Court declines to exercise such discretion at this time.